No. 62,095

In the Matter of HARRY D. SMITH, *Respondent.*

(757 P.2d 324)

Opinion filed July 8, 1988.

*Bruce E. Miller,* disciplinary administrator, appeared for petitioner.

There was no appearance by respondent.

*Per Curiam*: This is a disciplinary proceeding against Harry D. Smith, of Wichita, Kansas. It involves two complaints, No. W3880, commenced on February 11, 1987, and No. B4065, commenced on April 7, 1987. The complaints were consolidated for hearing before a panel of the Kansas Board for Discipline of Attorneys. The panel, upon hearing the evidence, found that all of the charges contained in the complaints were true, and unanimously recommended that respondent be disbarred.

Smith did not appear before the disciplinary panel, and he makes no appearance in this court, although notices have been provided to him in each instance at the address registered by him with the clerk of this court.

Exhibits received in evidence before the panel included the following:

A journal entry in the case of *State of Kansas v. Harry D. Smith,* in the District Court of Butler County, Kansas, being case No. 85-CR-329, reciting the conviction of Harry D. Smith of the misdemeanor offense of worthless checks on May 5, 1986, which journal entry recites the dismissal of additional counts and the requirement that the defendant make restitution in the amount of $6,787.

A journal entry in the case of *State of Kansas v. Harry D. Smith,* in the District Court of Cowley County, Kansas, being case No. 85-CR-17-W, showing that on the 7th day of February 1986, Harry D. Smith was convicted of sodomy, a Class B misdemeanor, and was fined, directed to seek mental counseling within six months, and ordered to pay court costs.

A journal entry of judgment *In the Matter of the Conservatorship of Donald Herbert Truex,* in the District Court of Sedgwick County, Kansas, being case No. 83-P-611, in which that court found that Harry D. Smith, formerly a conservator in that proceeding, had failed to file any accountings while con-

servator, and contemptuously failed to comply with a court order requiring him to file a final accounting, and that he had converted to his own use the sum of $5,250 from the assets of the conservatee's estate. Judgment was entered against Harry D. Smith in the sum of $10,500.

A journal entry *In the Matter of the Estate of Bertha Marie Orndoff, Deceased,* being case No. 83-P-1222, in the District Court of Sedgwick County, dated January 22, 1987, in which the court found that $8,800 of estate funds had been received by Harry D. Smith, as attorney for the executor, which funds were retained by him, and were neither deposited in the estate account nor deposited in any trust account maintained by Smith. Smith was relieved of his duties as attorney for the executor, and both he and the executor were found to be in contempt of court. The executor paid the $8,800 into the estate from his own personal funds, and thus purged himself of the contempt.

Based upon these documents, and other evidence, the panel found that the conduct of Harry D. Smith was in violation of DR 1-102(A)(4) (1987 Kan. Ct. R. Annot. 123) in that he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; DR 6-101(A)(3) (1987 Kan. Ct. R. Annot. 143) in that he neglected legal matters entrusted to him; DR 9-102(A) (1987 Kan. Ct. R. Annot. 157) in that he did not deposit all funds of clients in one or more identifiable bank or savings and loan association accounts maintained in this state and properly insured; and DR 9-102(B)(4) (1987 Kan. Ct. R. Annot. 157) in that he did not promptly pay or deliver to the client, as requested, the funds in his possession which the client was entitled to receive. Additionally, the panel found that Harry D. Smith failed to cooperate or communicate with the disciplinary administrator in violation of Supreme Court Rule 207 (1987 Kan. Ct. R. Annot. 105).

The standard of proof to warrant a finding of attorney misconduct requires that the charge be established by substantial, clear, convincing, and satisfactory evidence. *In re Lake,* 241 Kan. 351, 353, 737 P.2d 40 (1987); *State v. Hohman,* 235 Kan. 883, 686 P.2d 122 (1984); see Supreme Court Rule 211(f) (1987 Kan. Ct. R. Annot. 110-11). The panel found that the misconduct was so established, and we agree. The evidence is undisputed that

respondent converted over $5,000 of conservatorship funds to his own use in the Truex matter, and $8,800 from the assets of the estate of Orndoff. In January 1987, Smith was directed by this court to show cause why he should not be suspended forthwith from the practice of law. He failed to respond to our order, and on March 12, 1987, we entered an order temporarily suspending him from the practice of law until the final resolution of the pending disciplinary proceedings against him, or until further order of the court. We also ordered Smith to comply with Rule 218 (1987 Kan. Ct. R. Annot. 116) at that time.

The evidence fully establishes the misdemeanor convictions recited earlier, and also establishes that respondent failed to appear before the disciplinary panel, failed to cooperate with the disciplinary administrator or respond to requests of the administrator or the investigating attorneys, and failed to appear in this court. After carefully reviewing the record, we agree with the findings of the panel as to respondent's misconduct. Respondent has twice converted substantial amounts of clients' funds to his own use, has furnished no explanation, and has made no restitution. This conduct, together with the other serious conduct discussed above, fully justifies the discipline recommended.

It is therefore ordered that Harry D. Smith be, and he is hereby disbarred from the practice of law in the State of Kansas. The Clerk of the Supreme Court is directed to strike the name of Harry D. Smith from the roll of attorneys admitted to the practice of law in this state. Costs are assessed to the respondent.